STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. TONY MILOSH, PLAINTIFF IN ERROR.

Submitted May 14, 1926—Decided January 18, 1927.

Crimes—Carnal Abuse—Not Necessary For Indictment to Aver That Defendant was a Male—Though Case Rested Largely on Testimony of the Girl, it Does Not Appear That Jury Acted Improperly or Made a Mistake—Refusal of Trial Court to Allow Greater Part of Defendant's Testimony to be Taken Through Interpreter was Not Error, in View of Defendant's Ability to Speak English When He so Desired.

On writ of error.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff in error, *Benjamin Gordon* (*Louis J. Feit,* of counsel).

For the defendant in error, *Abe J. David.*

PER CURIAM.

Appellant was indicted, tried and convicted of carnal abuse of a woman child under the age of twelve years. The entire record is here for review, and a number of reasons are assigned for reversal.

The first reason assigned is that the indictment did not aver that the defendant was a male. The statute makes no such averment necessary. It reads, "any person who shall have carnal knowledge," &c. No motion was made to quash the indictment, and we do not see that appellant has been prejudiced. There is no doubt of his sex, and, of course, he was in nowise misled by the absence of such averment.

It is next contended that the verdict was against the weight of the evidence. Our reading of the testimony does not lead us to this view. While the state's case rested largely on the testimony given by the girl the defendant was charged with assaulting, we are not convinced that the jury were actuated by any improper motive or that it committed a mistake in giving credence thereto, especially when taken in connection with the unsatisfactory evidence and demeanor of the defendant.

At the trial the judge, deeming the defendant able to speak English, refused to permit the greater part of his testimony to be taken through an interpreter, and this refusal is assigned for error. Our examination of the proofs leads us to the conclusion that no error is exhibited in the ruling. Such an application is addressed to the discretion of the trial judge who in such cases must determine the ability of the witness to speak and to make himself understood in the English language. 16 *C. J.* 808. There was evidence that the defendant could speak well enough in English when it suited his purpose, and the application for an interpreter bears the earmarks of desire rather than that of a necessity therefor.

During the cross-examination of the defendant he was pressed by the prosecutor as to a conviction of crime, and in doing so the prosecutor endeavored to make clear to the witness' understanding the particular crime as to which he was being interrogated. We find no error here.

Complaint is also made of some questions and comments of the trial judge directed to the defendant while on the stand, but there was nothing in them that calls for comment or that was not justified by the conduct of the defendant himself.

The judgment is affirmed.